CARY v. KOERNER et al.

(Supreme Court, Appellate Division, Fourth Department.   July 12, 1910.)

1. TAXATION (§ 686*)—TAX SALE CERTIFICATES—RIGHTS OF HOLDER—LAW DE-
TERMINING.
     The rights of the holder of tax sale certificates must be determined by the law when he obtained them, except as they may have been extended by the Legislature.
     [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 686.*]

2. MUNICIPAL CORPORATIONS (§ 982*)—TAX SALE CERTIFICATES—RIGHTS OF
HOLDER.
     By Buffalo City Charter (Laws 1891, c. 105) § 114, when a party obtained tax sale certificates, issued in the years 1891 to 1898 by the comptroller, it was only incumbent on him, in case he desired an absolute deed, to give notice to redeem, which notice could not be given within 1S months.   The giving of notice was not mandatory, but section 112 extended the time to redeem if it was not given.   Held that, under the law as it then stood, a certificate holder had the right to enforce it by notice to redeem, and if there was no redemption he was entitled to an absolute deed, and to maintain ejectment for possession of the premises within 20 years from the date of the certificates.
     [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 982.*]

3. MUNICIPAL CORPORATIONS (§ 981*)—TAX SALE CERTIFICATES—RIGHTS OF
HOLDER.
     Laws 1909, c. 384, amending the Buffalo city charter (Laws 1891, c. 105), provided (section 115a) that the holder of a tax sale certificate, instead of taking a conveyance, might recover the amount paid therefor, with interest and costs, and for that purpose might sue in the County Court to sell the property.   Section 115b provided for commencing action any time within five years from the date of sale.   Section 115g provided that the remedy therein provided was in addition to all others and not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

dependent thereon, nor on the giving of notice to redeem. *Held*, that these provisions were for the benefit of the landowner, because, he was not deprived of his remedy to redeem, and was only required to pay the taxes, interest, and costs, and he could redeem if he desired, but was not compelled to, and that in any event there was to be no personal judgment.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 981.*]

4. MUNICIPAL CORPORATIONS (§ 980*)—TAX SALE CERTIFICATES—RIGHTS OF HOLDER.

Section 106 of the Buffalo city charter (Laws 1891, c. 105), making all taxes a lien on the land on which they are assessed for 10 years from delivery of the tax or assessment roll to the treasurer and the first publication of notice of receipt of same, only limits the time within which the city may make a sale of the premises, and does not affect the rights of the holder of certificates of sale for the years 1891 to 1898, suing under the charter as amended by Laws 1909, c. 384, §§ 115a, 115b, 115g, to recover the amount paid therefor, with interest and costs.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 980.*]

Spring and Williams, JJ., dissenting.

Appeal from Trial Term, Erie County.

Action by Thomas Cary against Hazel M. Koerner, individually and as executrix, impleaded with others. A demurrer, under Code Civ. Proc. § 494, to the answer of defendant Koerner, was overruled (121 N. Y. Supp. 800), and plaintiff appeals. Reversed.

An interlocutory judgment, overruling appellant's demurrer to the answer of the respondent, with $45.50 costs, was entered in the office of the clerk of Erie county on the 11th day of February, 1910. The answer set up as practically the only defense the statute of limitations. Such defense was demurred to under section 494 of the Code of Civil Procedure, upon the ground that it is insufficient in law.

The action was commenced on the 21st day of June, 1909, to foreclose the lien of certain tax sale certificates issued by the comptroller of the city of Buffalo on tax sales made between April, 1891, and May, 1898, and to recover the amounts paid for the property purchased, with interest allowed by law.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

William H. Cuddeback, for appellant.
Adolph Rebadow, for respondent.

McLENNAN, P. J. The cause of action asserted by the plaintiff depends upon the rights which he acquired under certificates issued to him by the comptroller of the city of Buffalo, the first one issued on April 29, 1891, and one each year thereafter to the date of the last one, which was issued on the 26th day of May, 1898. Such certificates certified, in substance, that the plaintiff was the purchaser of the land sold for taxes described in the plaintiff's complaint. The rights of the plaintiff in the premises must clearly be determined by the law as it existed when he obtained such certificates, except as such rights may have been broadened or extended by act of the Legislature.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At the times the plaintiff obtained the certificates in question, it was only incumbent upon him, in case he desired that such certificates should become in effect an absolute deed, to give notice to the owner of the property against which the tax had been assessed to redeem, and under the law such notice could not be given within 18 months. Section 114 of chapter 105 of the Laws of 1891. There was no provision of law which made it mandatory upon the holder of such certificates to give such notice; but the failure to give such notice, when it was provided that it might be given, extended the time within which the owner might redeem. Section 112 of chapter 105 of the Laws of 1891. Under the law as it thus stood, there can be no question but that the holder of a tax certificate issued by the comptroller had the right to enforce it by giving notice to the owner to redeem, and that, if pursuant to such notice redemption was not made, he was entitled to an absolute deed, and was entitled to maintain ejectment to recover possession of the premises within 20 years from the date of the certificate. Under the provisions of the charter, as amended by chapter 384 of the Laws of 1909, the holder of a certificate was given the right to recover in an action the amount paid for such certificate, with interest, instead of taking a deed therefor, and it is under this provision that this action is brought.

Section 115a of said chapter is as follows:

"The holder, including the city, of any certificate of sale heretofore or hereafter executed by the comptroller, instead of taking a conveyance of the property purchased, may recover the amount paid therefor as in such certificate mentioned with all interest, additions and expenses allowed by law, and for that purpose may maintain an action in the Supreme Court or in the County Court of Erie county to sell such real property. Jurisdiction of such action is hereby conferred upon said County Court."

Section 115b provides that:

"The action provided for in the last section may be commenced at any time after five years from the date of sale mentioned in the certificate of sale. * * *"

Section 115g of such chapter is as follows:

"The remedy herein provided for shall be in addition to all other remedies allowed by law with regard to certificates of sale, and shall not be dependent upon them, or any of them, and may be had whether notice to redeem has been given or not; provided, however, that nothing in this act contained shall be held to revive or validate any claim or demand, the enforcement of which otherwise is barred by lapse of time."

These provisions were for the benefit of the landowner, because he was not deprived of his remedy to redeem, and was only required under the provisions of the statute quoted to pay the amount of the taxes, costs, and interest. He could redeem if he desired. He was not compelled to redeem, and, in any event, there was to be no personal judgment against him.

It is insisted by the respondent that section 106 of the charter (chapter 105 of the Laws of 1891), which provides that:

"All taxes and assessments shall be a lien upon the lands on which they are assessed for ten years from the delivery of the tax or assessment roll to the treasurer and the first publication of notice of receipt of same, and shall have

priority in the inverse order of time in which they become liens. If the proceedings to enforce such liens have been stayed by a court or judge, the period of such stay shall not be taken as a part of said ten years"

—precludes the plaintiff from recovering the taxes upon the property in question, which he paid and which are certified as so paid by the certificate of the comptroller of the city of Buffalo. My notion is that this provision of the charter in no way affects the plaintiff's rights in the premises, that his rights accrued under section 112 of that chapter, and that section 106 only limits the time within which the city may make a sale of the premises.

We think it ought not to be held that under conditions such as are presented by the record in this case the taxes against the property have been paid and discharged without any contribution by the owner of such property, or without any surrender of any rights on his part in the premises. We think the interlocutory judgment should be reversed, and the demurrer sustained, with costs of this appeal, and with leave to the defendant to plead over upon payment of the costs of the demurrer and of this appeal.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with leave to defendant to plead over within 20 days upon payment of the costs of the demurrer and of this appeal. All concur, except SPRING and WILLIAMS, JJ., who dissent.